**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| CZESLAW MARIAN PARZYCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19 C 50255 |
| | ) |
| BILL PRIM and DANIEL SITKIE, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Czeslaw Parzych has been detained by the Department of Homeland Security (DHS) since May 9, 2017, when the DHS initiated removal proceedings against him. After a series of administrative appeals and remands, an immigration judge (IJ) issued a decision concluding that Parzych is removable, and the Board of Immigration Appeals (BIA) affirmed, issuing a final removal order in April 2019. Parzych appealed to the Seventh Circuit, challenging his removability, and in July 2019, the court granted his request for a stay of removal while his appeal is pending. Parzych remains in detention and has petitioned for a writ of habeas corpus, arguing that his continued detention violates substantive and procedural due process.

### Background

Parzych is a native and citizen of Poland, and he has been a lawful permanent resident of the United States since 1967. Parzych has twice been convicted—first in 2011 and again in 2015—of burglary in violation of 720 ILCS 5/19-1.

On May 9, 2017, the DHS initiated removal proceedings against Parzych, alleging that his burglary convictions were for aggravated felonies and crimes of moral turpitude, which rendered him removable under the Immigration and Naturalization Act (INA). *See* 8 U.S.C. § 1227(a)(2)(A)(i)-(iii). On that date, the DHS also detained Parzych under 8 U.S.C. § 1226(c), which provides for mandatory detention pending removal proceedings of individuals who are removable based on criminal convictions. In September 2017, an IJ ruled that Parzych was removable as charged. Parzych appealed to the BIA, and it remanded the case because the IJ's decision lacked factual findings or legal analysis.

On remand, in February 2018, the IJ issued a decision concluding that Parzych is not removable because his burglary convictions do not qualify as crimes of moral turpitude or aggravated felonies under the INA. The DHS appealed. The BIA reversed and remanded, ruling that the IJ had misinterpreted the Illinois burglary statute and therefore erroneously concluded that Parzych's convictions are not removable offenses under the INA. In October 2018, the IJ issued a decision analyzing the Illinois burglary statute in accordance with the BIA's instructions and concluding that Parzych's convictions render him removable. Parzych appealed, and on April 1, 2019, the BIA affirmed the IJ's decision and issued a final removal order.

On April 30, 2019, Parzych timely petitioned the Seventh Circuit for review of the BIA's order, challenging the agency's interpretation of the Illinois burglary statute. In July 2019, the Seventh Circuit granted Parzych's motion for a stay of removal pending the resolution of his appeal.

Parzych is currently being held in McHenry County Jail. Daniel Sitkie is the Chief

2

of Corrections for the Jail, and Bill Prim is the Sheriff of McHenry County. In October 2019, Parzych petitioned this Court for a writ of habeas corpus under 28 U.S.C.§ 2241, naming Prim and Sitkie as respondents and arguing that his DHS detention since May 9, 2017 violates procedural and substantive due process.

In November 2019, after briefing on Parzych's present habeas petition closed, the government asked the Seventh Circuit to remand Parzych's case to the BIA. The government argued that the BIA should have an opportunity to consider whether *United States v. Glispie*, 943 F.3d 358 (7th Cir. 2019)—issued that month—affected the BIA's conclusion that Parzych's burglary convictions were aggravated felonies under the INA. In *Glispie*, the Seventh Circuit certified to the Illinois Supreme Court a question of interpretation of Illinois's burglary statute. *Id.* at 372. The government argued that remand would also allow the BIA to consider whether Parzych might be removable under the INA based on a third prior criminal conviction for attempted theft—a conviction not previously considered in the immigration proceedings. In December 2019, the Seventh Circuit remanded Parzych's case to the BIA.

## Discussion

Parzych has petitioned for a writ of habeas corpus, arguing that his continued detention runs afoul of the Fifth Amendment for three reasons: (1) the length of his detention violates procedural due process; (2) mandatory detention under 8 U.S.C. § 1226(c) of a person who, like him, has a good-faith defense to removability violates procedural due process; and (3) his detention violates substantive due process. This Court has jurisdiction over Parzych's challenges to the constitutionality of his detention, *see Gonzalez v. O'Connell*, 355 F.3d 1010, 1015 (7th Cir. 2004), and is authorized to

3

issue a writ of habeas corpus, *see* 28 U.S.C. § 2241(a), (c)(3).  It is "well established" that non-citizens in removal proceedings are entitled to the protections of the Fifth Amendment.  *See Demore v. Kim*, 538 U.S. 510, 523 (2003).  Section 1226(c) authorizes detention for a limited period during removal proceedings, but it does not permit indefinite detention, which would violate the Fifth Amendment's Due Process Clause.  *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018); *Kim*, 538 U.S. at 528; *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  In upholding section 1226(c) against a facial challenge, the Supreme Court explained in *Kim* that a detention under this provision has a definite termination point: the conclusion of removal proceedings.  *See Kim*, 538 U.S. at 528-29.  The Court also observed that section 1226(c) detentions are typically relatively brief, lasting a month and a half in most cases, and in the minority of cases involving appeals, five months.  *Id.* at 530.  Concurring in *Kim*, Justice Kennedy suggested that a section 1226(c) detainee could be "entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  *Id.* at 532 (Kennedy, J., concurring).

Section 1226(c) "does not on its face limit the length of detention it authorizes," nor does it implicitly impose any quantitative limit on the length of detention.  *See Jennings*, 138 S. Ct. at 846-47 (rejecting the Ninth Circuit's interpretation of an implicit six-month limitation on detention without a bond hearing).  Thus, there is no distinct time limit that, when exceeded, renders the detention unconstitutional.  *See id.* at 846 (noting that the termination point of section 1226(c) detention is the conclusion of removal proceedings, "not some arbitrary time limit devised by courts").  The Supreme Court has not addressed the circumstances under which an individual's prolonged detention under

4

section 1226(c) becomes unconstitutional. *See id.* at 851. In reviewing detainees' constitutional challenges to their section 1226(c) detentions, district courts have examined the duration of detention and the extent to which it was attributable to any bad faith conduct by the detainee, such as "gaming the system" to delay removal from the United States. *See, e.g.*, *Baez-Sanchez v. Kolitwenzew*, 360 F. Supp. 3d 808, 815-16 (C.D. Ill. 2018); *K.A. v. Green*, No. 18 CV 3436, 2018 WL 3742631, at *3 (D.N.J. Aug. 7, 2018). Courts have tended to find due process violations where the duration of an individual's section 1226(c) detention is a matter of years, not months, and it lacks a foreseeable termination point because of a pending appeal in the removal proceeding. *See, e.g.*, *Doe v. Beth*, No. 18 CV 1672, 2019 WL 1923867, at *3-4 (E.D. Wis. Apr. 30, 2019) (more than two years' detention and BIA appeal pending); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, No. 18 CV 11524, 2019 WL 1569822, at *1, 3-4 (D.N.J. Apr. 10, 2019) (over one year detention and BIA appeal pending); *Baez-Sanchez*, 360 F. Supp. 3d at 811, 816 (four years' detention and BIA appeal pending).

Parzych's detention of nearly three years, without an individualized bond hearing or any foreseeable termination of his removal proceedings, has become unconstitutional. As an initial matter, three years vastly exceeds the brief, months-long detention that the Supreme Court assumed was typical when it upheld the constitutionality of section 1226(c). *See Kim*, 538 U.S. at 530. Furthermore, due to the recent remand of Parzych's case to the BIA, done at the government's request, his removal proceeding has "no obvious termination point" in the foreseeable future, and this poses a "serious constitutional problem." *See Zadvydas*, 533 U.S. at 690, 697. There is no indication of how soon the BIA might render a decision on remand. And if

the BIA decides to take up the government's proposal to consider whether Parzych's attempted theft conviction is a removable offense, it may decide to remand the case to the IJ for initial consideration of that point. Under these circumstances, further extension of Parzych's three years of detention—without a bond hearing or any "obvious termination point" of his removal proceeding— violates his right to due process. *See Zadvydas*, 533 U.S. at 697; *see also Beth*, 2019 WL 1923867, at *4; *Baez-Sanchez*, 360 F. Supp. 3d at 816 (finding that years-long section 1226(c) detention had become indefinite where there was no indication of when the BIA or IJ would issue a removal decision).

The respondents argue that Parzych's own requests for continuances and briefing deadline extensions have prolonged his detention, undercutting his claim that the government has denied him due process. During his initial appearance before the IJ on May 24, 2017, Parzych requested and received a continuance to try to retain an attorney. The IJ continued the hearing to September 18, 2017, a little less than seventeen weeks later. The IJ also later granted Parzych a four-week continuance. Before the BIA, Parzych twice requested and received three-week extensions on briefing deadlines. Finally, the Seventh Circuit granted Parzych a thirteen-week extension on a briefing deadline. Taken together, Parzych's requests for continuances and extensions account for forty weeks, about nine and one-half months.

But these forty weeks do not undermine Parzych's claim that the length of his detention violates procedural due process. The respondents do not suggest that Parzych pursued these continuances or extensions in bad faith or was "gaming the system." *See Baez-Sanchez*, 360 F. Supp. 3d at 816. In fact, the respondents concede

6

that these were part of Parzych's earnest attempts to secure counsel and defend his case. Regardless, even if one subtracts the nine and one-half months attributable to Parzych from the total of more than thirty-three months, that leaves almost two years and counting, with no end in sight at this point, that is indisputably attributable to the government. Two years of detention without any foreseeable conclusion of his removal proceedings entitles Parzych to an individualized determination as to his risk of flight and dangerousness. See *Kim*, 538 U.S. at 532 (Kennedy, J., concurring).

Finally, the respondents contend, citing *Zadvydas*, 533 U.S. at 701, that Parzych is not entitled to a writ of habeas corpus unless he can show that there is no significant likelihood that he will be removed from the country in the reasonably foreseeable future. But this test applies to habeas corpus petitioners who are challenging the constitutionality of their confinement under 8 U.S.C. § 1231, after their removal proceedings have concluded. See *Zadvydas*, 533 U.S. at 697, 701. In the case of an individual who, like Parzych, has received a stay of removal pending judicial review, section 1231 authorizes detention only after the reviewing court rules on his removability. See 8 U.S.C. § 1231(a)(1)(B)(ii). The Seventh Circuit has not yet ruled on Parzych's petition for review of his removal order. Parzych is therefore detained under section 1226(c), not section 1231, and the *Zadvydas* test that the respondents cite is inapplicable to him at this point.

In sum, Parzych has been detained under section 1226(c) for nearly three years without any obvious termination point of his removal proceedings. Due process requires according him an individualized bond hearing before he may be detained further. Having concluded on this basis that Parzych is entitled to issuance of a writ of

habeas corpus, the Court need not consider the other bases for relief in his petition.

**Conclusion**

For the foregoing reasons, the Court grants Parzych's petition for habeas relief [dkt. no. 1] and orders Daniel Sitkie to release him from McHenry County Jail within thirty days of this order, unless by that time an immigration judge has determined, after an individualized bond hearing, that Parzych's continued detention is necessary to prevent a risk of flight or a threat to public safety.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 2, 2020